**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

United States of America        )    Criminal Action No. 5:14-cr-00556-JMC
                                     )
           v.                 )
                                       )    <u>**ORDER AND OPINION**</u>
Juan Manuel Fuentes-Morales    )
                                       )
_____ )

      This matter is before the court pursuant to a motion by Defendant Juan Manuel Fuentes-Morales ("Defendant") to suppress the introduction at trial of statements taken from his co-defendant, Ruben Ceja-Rangel ("Ceja-Rangel"). (ECF No. 177.) On February 24, 2015, the Government filed a response in opposition to Defendant's motion to suppress the statements. (ECF No. 182.) For the following reasons, the court **DENIES** Defendant's motion.

**I.        RELEVANT BACKGROUND TO THE PENDING MOTION**

      Defendant was indicted on September 3, 2014, by a Federal Grand Jury on one count of conspiracy to commit kidnapping, one count of substantive kidnapping, one count of conspiracy to commit hostage taking, two counts of possession and brandishing of a firearm in furtherance of crimes of violence, and one count of knowingly making a false statement or representation to a Department or Agency of the United States. (ECF No. 55.) Following his arrest on July 15, 2014, Ceja-Rangel was interviewed by Special Agent ("SA") Kevin Conroy, SA Brian Jones, and SA Brian Woodall. (ECF No. 182 at 5.) SA Kevin Conroy documented this interview in an FBI 302 report that was provided to Defendant in discovery. (*Id.* at 5-6.) Defendant objects to the introduction of the following oral statements alleged to have been made by Ceja-Rangel following his arrest on July 15, 2014:

At this point in the interview, Rangel said he was going to be truthful. He stated that when he got to North Carolina, Prieto, which is also what he called Juan Morales, told him to watch the house while he was at work . . . . He said Prieto was not going to pay him to watch the house, but if he couldn't find work, Prieto said he would give him $60 or $70. Rangel said he only had $100 in his wallet and he was going to go home to Florida once he had enough money. Rangel thinks it is strange that he was asked to watch the house.

(ECF No. 177 (quoting the statement at issue).)

## II.    LEGAL STANDARD

The Confrontation Clause of the Sixth Amendment is violated when a non-testifying co-defendant's statement naming the defendant as a participant in the crime is admitted. *Bruton v. United States*, 391 U.S. 123, 126 (1968). However, *Bruton* does not apply to statements that incriminate inferentially. *Gray v. Maryland*, 523 U.S. 185, 195-96 (1998) (citing *Richardson v. Marsh*, 481 U.S. 200, 208 (1987)). Fourth Circuit authority interpreting *Bruton* indicates that a defendant's statements are admissible if "redacted and replaced with a neutral pronoun or phrase such as 'person' or 'individual' . . . provided that such a neutral statement does not render the statement 'directly accusatory' or 'facially incriminatory.'" *United States v. Rivera*, 363 F. Supp. 2d 814, 821 (E.D. Va. 2005) (citing *United States v. Akinkoye*, 185 F.3d 192, 198 (4th Cir. 1999)).

Where linking evidence is required "it is a less valid generalization that the jury will not likely obey the instruction to disregard the evidence." *Richardson*, 481 U.S. at 208, 211 (distinguishing evidence requiring linkage from evidence incriminating on its face); *see also United States v. Min*, 704 F.3d 314, 320-21 (4th Cir. 2013) (holding that co-defendant's statement that contained general references without "facial incrimination" to others who may (or may not) be co-defendants did not violate *Bruton*); *United States v. Lighty*, 616 F.3d 321, 376 (4th Cir. 2010) (holding that statements that "obviously identify the defendant, even without

2

naming him, effect a constitutional violation that cannot be cured by a jury instruction"); *United States v. Akinkoye*, 185 F.3d 192, 198 (4th Cir. 1999) (holding that redacted statements that refer to the existence of another person who may be a co-defendant through the use of symbols or neutral pronouns may be admissible). However, "[i]nference pure and simple cannot make the critical difference." *Gray,* 523 U.S. at 196 (noting that redacted confessions using nicknames and unique descriptions would otherwise fall inside *Bruton's* protection). The inference at issue must depend in significant part upon the kind of, not the simple fact of, inference." *Id.* (maintaining that redacted statements that "refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately" are not admissible).

### III.     DISCUSSION

The issue presented is whether Ceja-Rangel's statements that by inference may identify and place Defendant Juan Manuel Fuentes-Morales ("Defendant") at the residence where the kidnapping victim was rescued are "directly accusatory" or "facially incriminatory" such as to result in a Confrontation Clause violation. *Bruton* does not apply to statements that incriminate inferentially. *Gray*, 523 U.S. at 195-96. A non-facially incriminatory statement that implicates a defendant only in connection to other admitted evidence is admissible. Defendant argued that Ceja-Rangel's statements are incriminatory. (ECF No. 177 at 1.) The Government maintained that Defendant's right to confront the witness under *Bruton* is not violated because it "intends to replace any reference to [Defendant] with the gender neutral phrase 'other person' or 'another person,' so as not to directly (facially) implicate [Defendant]." (ECF No. 182 at 9.)

Upon review, the court finds that the statements made by Ceja-Rangel when linked with other evidence may lead a jury to infer Defendant's identity and place him at the residence where the victim was rescued; however, such an inference is not directly incriminatory on its face. *Cf.*

*United States v. Clarke*, 767 F. Supp. 2d 12, 35-36 (D.D.C. 2011) (stating that statements that place a defendant at the scene during a kidnapping create an incriminating inference).  In this regard, the statements made by Ceja-Rangel following his arrest are not directly incriminatory; rather, they may incriminate Defendant by reference to other evidence.  *See United States v. Cavillo-Rojas*, 510 Fed. Appx. 238, 250 (4th Cir. 2013) (stating that the fact that the defendant is nonetheless linked to the confession by evidence properly admitted against him at trial does not result in a Confrontation Clause violation).  Ceja-Rangel's statements can be sufficiently redacted to avoid any Confrontation Clause violation.  Defendant's motion to suppress the statements of his non-testifying co-defendant, Ceja-Rangel, is **DENIED**.

## IV.    CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Defendant's motion to suppress statements identified herein by Ceja-Rangel.  (ECF No. 177.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 9, 2015
Columbia, South Carolina