**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No. 5:14-cr-00556-JMC-1 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Juan Manuel Fuentes-Morales, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Before the court is a motion by Defendant Juan Manuel Fuentes-Morales ("Defendant") to dismiss Count 5 of the superseding indictment, which charges him with brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 524.) For the reasons that follow, the court **DENIES** the motion to dismiss (ECF No. 524).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2014, a grand jury returned a five-count indictment against Defendant and two co-defendants, arising from a kidnapping conspiracy. (ECF No. 33.) On September 3, 2014, a grand jury returned a nine-count superseding indictment. (ECF No. 55.) Count 1 of the superseding indictment charged Defendant with conspiring to kidnap and transport another across a state boundary, in violation of 18 U.S.C. §§ 2, 1201(a)(1). (*Id.* at 1-2.) Count 5 of the superseding indictment, nearly identical to Count 5 of the initial indictment (*compare* ECF No. 33 at 5, *with* ECF No. 55 at 5), charged Defendant, as a principal, aider and abettor, and co-participant, with brandishing a firearm during a crime of violence, namely during the conspiracy to kidnap and transport another across a state boundary underlying Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 55 at 5.)

1

The case proceeded without entry of a scheduling order, and, an 11-day jury trial in late April and early May of 2015 resulted in a mistrial. (*See* ECF Nos. 308, 309, 310, 314, 318, 320, 323, 324, 326, 329.) The case proceeded, again without entry of a scheduling order, and a nine-day jury trial (*see* ECF Nos. 449, 450, 452, 453, 454, 455, 457, 463, 466) resulted in a verdict of guilty on all counts against Defendant on October 23, 2015 (ECF Nos. 469, 470). Since the verdict, no judgment has been entered as to Defendant. On February 18, 2016, Defendant filed a Fed. R. Crim. P. 33 motion for a new trial (ECF No. 485), and on May 16, 2016, Defendant filed the instant motion to dismiss Count 5 of the superseding indictment (ECF No. 524).

Defendant argues that a conviction under Count 1 for conspiracy to kidnap does not constitute a crime of violence within the meaning of 18 U.S.C. § 924(c)(3) and thus cannot serve as a predicate offense necessary for his Count 5 conviction under § 924(c)(1)(A)(ii). (*See* ECF No. 524 at 2-11.) Specifically, Defendant argues that conspiracy to kidnap does not meet the definition of a crime of violence under subsection (A) of § 924(c)(3)—commonly called the "force clause"—because, under the categorical approach, conspiracy to kidnap does not include as a statutory element of the offense the use, attempted use, or threatened use of physical force against another or his property. (*See id.* at 3-7.) Defendant also argues that conspiracy to kidnap cannot be defined as a crime of violence under subsection (B) of § 924(c)(3)—commonly called the "residual clause"—because the residual clause is unconstitutionally vague as was the similarly-worded residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), which the Supreme Court struck down in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (*See* ECF No. 524 at 7-10.)

In response, the Government argues that Defendant's instant motion to dismiss Count 5 of the superseding indictment is untimely under Fed. R. Crim. P. 12(b)(3), 29. (*See* ECF No. 530 at

2

3-5.) The Government also argues that a conviction for conspiracy to kidnap, pursuant to § 1201(c), meets the definitions for a predicate crime of violence under both the force clause and the residual clause of § 924(c)(3) needed for a conviction under § 924(c)(1)(A)(ii) and that the Supreme Court's reasoning for striking down the ACCA's residual clause does not apply to the residual clause of § 924(c)(3). (*See id.* at 5-15; ECF No. 531.)

## II. LEGAL STANDARD

Under Rule 12(b)(3), a request to dismiss based on a defect in the indictment must be raised in a pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(3)(B). Such a motion is timely if it is filed before the deadline set by the court's scheduling order or, if no scheduling order is entered, before the start of trial. Fed. R. Crim. P. 12(c)(1). If the motion is untimely filed, a court may consider the request to dismiss only if the movant shows good cause for its untimeliness. Fed. R. Crim. P. 12(c)(3).

The 2014 amendments to Rule 12[1] departed from earlier practice by requiring that a motion seeking dismissal of the indictment on the ground that the indictment fails to state an offense must be filed before trial on the same terms as most other motions asserting a defect in the indictment.

---

[1] The 2014 amendments were promulgated by the Supreme Court on April 25, 2014, and became effective on December 1, 2014. Order of April 25, 2014. The order specifies that the amendments govern in proceedings pending at the time the amendments take effect "insofar as just and practicable." *Id.; see also* 28 U.S.C. § 2074(a). The initial indictment in this proceeding was filed in August 2014 and the superseding indictment was filed in September 2014. Thus, this proceeding was pending when the amendments became effective. The court finds that it is just and practicable to apply the amendments to this case. Because they were promulgated months before these proceedings were initiated, the amendments would come as no surprise to Defendant. Moreover, the amendments became effective on December 1, 2014, some five months before Defendant's first trial and nearly 11 months before his retrial. Because the amendment at issue affected the type of motions that must be filed before trial and because the amendment became effective many months before Defendant's trial, Defendant had ample notice of the change in the Rules.

*See* Fed. R. Crim. P. 12(b)(3)(B)(v); Fed. R. Crim. P. 12 advisory committee's note to 2014 amendment to Rule 12(b)(3) ("Rule 12(b)(3)(B) has also been amended to remove language that allowed the court at any time while the case is pending to hear a claim that the 'indictment or information fails to state an offense.'" (ellipsis omitted)); *see generally United States v. Sperrazza*, 804 F.3d 1118-25 (11th Cir. 2015); 24 James Wm. Moore, *Moore's Federal Practice* §§ 612.04 to 612.05 (3d ed. 2016); 1A Charles Alan Wright et al., *Federal Practice and Procedure* §§ 192, 193 (4th ed. Supp. 2016). Thus, unless the basis for the request was not reasonably available before the deadline for filing pretrial motions or could not have been determined before a trial on the merits, a request to dismiss the indictment on the basis that it fails to state an offense must be filed in a pretrial motion. *See Sperrazza*, 804 F.3d at 1118-19. If the request is not raised in a pretrial motion, it is untimely and the court may consider it only if the movant shows good cause for its untimeliness. *See* Fed. R. Crim. P. 12(c)(3).

### III. ANALYSIS

In his motion, Defendant contends that Count 5 should be dismissed because the underlying Count 1 conspiracy to kidnap offense cannot serve as a predicate "crime of violence" offense as required for a conviction under § 924(c)(1)(A)(ii). In short, Defendant argues that Count 5 fails to state an offense for which he could be convicted. *See United States v. West*, 576 F. App'x 729, 736-37 & n.10 (10th Cir. 2014) (explaining that constitutional challenge to criminal statute underlying indictment amounts to argument that the indictment fails to state an offense and must be raised in a pretrial motion). Under Rule 12(b)(3)(B)(v), this argument must be raised in a pretrial motion unless the basis for the argument was not available before the deadline for filing a pretrial motion or it could not have been determined before a trial on the merits. *See* Fed. R. Crim. P 12(b)(3)(B)(v).

Nothing suggests that a decision on Defendant's motion could not be reached without a trial on the merits. The motion is based on the assertion that a conviction for conspiracy to kidnap cannot constitute the predicate crime of violence under either the force clause or the residual clause. As Defendant correctly points out, determining whether conspiracy to kidnap is a crime of violence under the force clause or the residual clause requires application of the categorical approach, which restricts the court's consideration to the statutory elements of the offense. (*See* ECF No. 524 at 3-4); *see also United States v. McNeal*, 818 F.3d 141, 151-52 (4th Cir. 2016). Under such analysis, there is no need to resolve any issues of fact at trial. Defendant's further argument regarding the residual clause—that it is unconstitutional in the wake of *Johnson*—is a purely legal argument that likewise does not depend on the resolution of factual issues at trial.

Similarly, nothing suggests that Defendant was not able to raise his arguments in a pretrial motion. Here, because the court did not enter a scheduling order, the deadline for Defendant to file a pretrial motion was the start of trial. *See* Fed. R. Crim. P. 12(c)(1). Defendant's trial began in April 2015 and his retrial began in October 2015. Defendants' arguments that conspiracy to kidnap does not meet the definition of crime of violence in the force clause or the residual clause under the categorical approach easily could have been raised before trial. Defendant's arguments pursuant to *Johnson* could have been raised prior to his retrial, which occurred nearly four months after *Johnson* was issued on June 26, 2015. Because the basis for Defendant's argument was reasonably available before the deadline for filing pretrial motions and could have been determined without a trial on the merits, he was required to raise it in a pretrial motion.

As explained above, because the court did not enter a scheduling order, Defendant's motion was due at the start of trial. Because the motion was not filed until after trial, it is untimely. Because it is untimely, the court may not consider it unless Defendant shows good cause for the

5

untimeliness. Because Defendant has made no attempt to show good cause for the untimeliness, the court may not consider the motion. *See United States v. Schropp*, 829 F.3d 998, 1004 (8th Cir. 2016); *United States v. Burroughs*, 810 F.3d 833, 838 (D.C. Cir. 2016) (citing *United States v. Williams*, 773 F.3d 98, 105 n.3 (D.C. Cir. 2014)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Count 5 of the superseding indictment (ECF No. 524) is hereby **DENIED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

January 24, 2017
Columbia, South Carolina