**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No.: 5:14-cr-00556-JMC |
| v. | ) | |
| | ) | |
| Juan Manuel Fuentes-Morales, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant Juan Manuel Fuentes-Morales's ("Defendant") Motion for Reconsideration (ECF No. 567) of the Order and Opinion ("Order") denying Defendant's Motion to Dismiss Count 5 of the superseding indictment. (ECF No. 565.) Defendant requests that the court reconsider and withdraw its Order on the basis that the primary authority relied upon did not exist prior to trial, thus providing Defendant with good cause for his failure to file his motion to dismiss prior to trial. For the reasons set forth herein, the court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 567.)

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On August 6, 2014, a grand jury returned a five-count indictment against Defendant and two co-defendants, arising from a kidnapping conspiracy. (ECF No. 33.) On September 3, 2014, a grand jury returned a nine-count superseding indictment. (ECF No. 55.) Count 1 of the superseding indictment charged Defendant with conspiring to kidnap and transport another across a state boundary, in violation of 18 U.S.C. §§ 2, 1201(a)(1). (*Id.* at 1-2.) Count 5 of the superseding indictment, nearly identical to Count 5 of the initial indictment (*compare* ECF No. 33 at 5, *with* ECF No. 55 at 5), charged Defendant, as a principal, aider and abettor, and co-participant, with brandishing a firearm during a crime of violence, namely during the conspiracy to kidnap and

1

transport another across a state boundary underlying Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 55 at 5.) The first trial began on April 21, 2015, and ended in a mistrial on May 6, 2015. (ECF Nos. 328, 329.) The subsequent trial began on October 13, 2015, and resulted in a guilty verdict on all counts, rendered on October 23, 2015. (ECF No. 469.) Neither case was proceeded by a scheduling order.

On May 16, 2016, Defendant filed a Motion to Dismiss Count 5, (ECF No. 524), to which the Government filed Responses in Oppositions on May 26, 2016 and June 21, 2016. (ECF Nos. 530, 531.) On January 24, 2017, the court issued an Order denying Defendant's Motion to Dismiss Count 5 (ECF No. 565.) On January 31, 2016, Defendant filed a Motion for Reconsideration. (ECF No. 567.)

## II.     LEGAL STANDARD AND ANALYSIS

The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration. However, the rules and federal case law do recognize such motions can be proper in a criminal setting. *See,* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter,* 429 U.S. 6, 8 (1979) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall,* 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" (citing *United States v. Rollins,* 607 F.3d 500, 502 (7th Cir. 2010)).) The court then looks to the Federal Rules of Civil Procedure for guidance. A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not

2

previously available; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). However, Rule 59(e) motions cannot be used as opportunities to rehash issues already ruled upon because the litigant is displeased with the result. *See Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works L.L.C.,* 2007 WL 2021901 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted.")

Under Rule 12(b)(3), a request to dismiss based on a defect in the indictment must be raised in a pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(3)(B). Such a motion is timely if it is filed before the deadline set by the court's scheduling order or, if no scheduling order is entered, before the start of trial. Fed. R. Crim. P. 12(c)(1). If the motion is untimely filed, a court may consider the request to dismiss only if the movant shows good cause for its untimeliness. Fed. R. Crim. P. 12(c)(3).

Defendant argues *Johnson v. United States*, 135 S. Ct. 2551 (2015), represents a "sea change of litigation" in how crimes are analyzed and counted as violent felonies. (ECF No. 567 at 2.) Defendant also argues that *United States v. Edmundson*, decided after Defendant's second trial, holding that conspiracy to commit a Hobbs Act robbery was not a violent felony under § 924(c), is applicable here. (*See id.* at 2); 153 F. Supp. 3d 857, 861 (D. Md., 2015). Defendant asserts that conspiracy to rob is analogous to conspiracy to kidnap. (ECF No. 567 at 2.) Defendant uses both of these cases to show that his motion to dismiss is based on novel legal arguments, not

3

readily available before either of his trials, and thus he had good cause for not making a timely motion to dismiss Count 5 before trial, pursuant to Fed. R. Crim. P. 12 (b)(3). *See* Fed. R. Crim. P. 12(c)(3).

However, the court finds that Defendant's arguments in his Motion for Reconsideration are simply a reiteration of points he previously argued in his Motion to Dismiss Count 5. (ECF No. 524.) Motions to reconsider cannot be used as opportunities to rehash issues already ruled upon because the litigant is displeased with the result. *See also Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993). Defendant, in his Motion to Dismiss Count 5 (ECF No. 524), cited both *Johnson* (ECF No. 524 at 7-10) and *Edmundson*. (*Id*. at 5-7.) The court noted Defendant's arguments when denying Defendant's motion to dismiss, and held that Defendant made no attempt to show good cause for the untimeliness. (ECF No. 565 at 6.)

The court addressed Defendant's *Johnson* arguments by noting that the *Johnson* decision was issued nearly four months before Defendant's retrial. (*Id*. at 5.) Though the court did not mention the *Edmundson* decision by name in its January 24 Order (ECF No. 565), *Edmundson* was based upon the *Johnson* decision. Furthermore, *Edmundson*, as a district court opinion, has no precedential value. The court remains steadfast in its conclusion that Defendant has not made a showing of good cause to explain the untimeliness of the motion.

### III. CONCLUSION

Upon careful consideration of Defendant's arguments, and for the reasons set forth above, the court hereby **DENIES** the Motion for Reconsideration (ECF No. 567) of Defendant Juan Fuentes-Morales.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 10, 2017
Columbia, South Carolina